## Thomas Morris et al. surviving executors of John Morris *against* Daniel Griffith et al. executors of James M'Conaughy.

S. C. 2 Dall. 189.

M mortgages lands in his lifetime, and devises all his real estate to his mother; she devises the mortgaged premises to D for life, with power to dispose thereof by will, and makes her executors residuary devisees, who sell two of the tracts for payment of debts; the sheriff levies on all the lands undisposed of, in payment of the mortgage money, on a judgment on the bond: adjudged that all the lands levied on shall contribute according to the value of the several tracts.

THIS cause came before the court again, on a motion for the court's direction that the lands levied on by the sheriff of Chester county should contribute according to the value of the several tracts, to pay off and discharge the debt interest and costs in this action.

A *fieri facias* had been issued against the executors of James M'Conaughy, upon which all his landed property, remaining undisposed of, had been levied, and on an inquisition taken before the sheriff, it was found, that the rents, issues and profits thereof would be sufficient to pay the debt and costs within *seven years. The argument respecting contribution was now had by consent, in the same manner as if the money had been brought into court.

In behalf of Mary Darlington, the niece of Janet M'Conaughy, to whom the mortgaged premises had been devised by the said Janet for life, with power to dispose thereof by will at her death, it was argued by Messrs. Ingersoll and Sergeant, that every devise of land is specific, and such devisee shall have aid of the personal estate. Ambl. 173. A pecuniary legatee shall not have aid of the real estate devised to the heir. 1 Wms. 201. Where there is a specific devise of lands, devisee shall never contribute upon an average with the heir at law, while the real assets of the heir are sufficient. 1 Atky. 505. 8 Vin. 442, pl. 5. A specific devisee of lands is a favourite in equity. 1 Brown's Parl. Cas. 213. Where real estate is devised under incumbrance, the devisee shall hold it exonerated out of the real assets descended on the heir, as between the devisee and heir, but not as between him and creditors. 2 Atky. 430, 431. Heir to be charged in case of a deficiency of personal assets. Ibid. 434. A mortgage on land is considered in equity, merely as a security and pledge for the debt. Ibid. 435. 1 Atky. 487. S. P. 2 Atky. 437. And as to the proper application of the funds for payment of a mortgage, equity leaves it just as it was before. One seized in fee of the manors of A and B, mortgages A for 4000l. and by will charges all his real estate with payment of his debts, and devises A to C and B to D and dies; the devisee of A

[Morris et al. *v.* Griffith et al.]

shall compel the devisee of B to contribute to pay the mortgage money on A. 1 Wms. 505, 521.

It was moreover strongly urged, that there is a striking distinction between the cases in England and Pennsylvania. There, real estate in general is not considered as assets for payment of debts. The stat. of 3 and 4 W. and M. c. 14, partially remedies this, in the case of specialty debts. 2 Atky. 432. But in this state, matters are put on a broader bottom of substantial justice. Every man's lands here are subject to the payment of his debts, and are to this purpose considered as personal property; such debts are liens on the estates of deceased persons.

The policy of our country forbids any predilection in favour of an heir at law. Now where is the difference between lands being charged by operation at law, and when done by the act of the testator himself? Vide 1 Wms. 693.

Mrs. Darlington claims as a specific devisee the lands devised to her. Her aunt must have intended that she should * take a beneficial and effectual estate therein. She has [*191 in no part of her will signified her intention, that she should take it *cum onere.* If the testatrix had meant to give her the lands, and that she should pay off the incumbrance of the mortgage to secure her life estate therein, she would have devised to her the equity of redemption, not the land itself. On the other hand, her residuary devisees are merely entitled to the remainder of her estate undisposed of. They are not specific devisees.

*E contra*, it was insisted by Messrs. Lewis, Wilcocks and Tilghman for the residuary devisees of Janet M'Conaughy, that if the cases cited in behalf of her niece applied throughout, they shewed that the land devised to her, though peculiarly devoted and liable to the payment of that incumbrance, should be wholly exempted from a proportion of the mortgage by which it was bound; which would be too gross to be contended for. The residuary devisees under Janet M'Conaughy's will claimed the estate, not as her heirs at law, but as specific devisees equally with Mrs. Darlington. Such a construction is to be put on her will, as to carry every part of it into execution if possible. As to the case of Galton *v.* Hancock, cited for the plaintiffs, it depended on the peculiar penning of the will, and the Lord Chancellor shews the grounds of his opinion in 2 Atky. 435, 438, 439.

The mortgage was the debt of James M'Conaughy, executed by him in his life time. The personal estate of his mother Janet was not subject to it, nor any part of her real estate, except what vested in her through her son. Mrs. Darlington is a stranger to James M'Conaughy, and claims the land merely through the bounty of his mother.

Testator charges his real estate (which was subject to a mortgage contracted by his ancestor) and also all his personal

[Morris et al. *v.* Griffith et al.]

estate with his debts and legacies. The mortgage shall be borne by the estate originally liable, not out of his estates; and the executrix having paid it out of the personal estate, shall be repaid the money. 1 Brown's Cha. Rep. 58.

Notwithstanding a charge upon a term for payment of debts, a leasehold estate purchased by the testator, subject to a mortgage, shall bear the burthen of that mortgage, it not being properly the debt of the testator. 1 Brown's Cha. Rep. 454, 463.

Devisee of fee simple lands under mortgage shall not charge the devisee of leasehold lands in contribution, to pay off the mortgage. He must take it *cum onere.* 1 Wms. 793. Testator devised mortgaged lands subject to the incumbrance, *192] and *charges other part of his estate with payment of his debts, devisee of the mortgaged premises shall not pay the mortgage, being contrary to the intent of the testator; and though he submitted to do it, being an infant was not allowed so to do. 2 Wms. 386.

When personalty falls short to pay debts, specific legatees shall stand in the place of bond creditors against the heir at law. 3 P. Will. 367.

When bonds exhaust the personal estate, recourse may be had to the heir by specific or pecuniary legatees; but not to another specific devisee. 2 Salk. 416. 1 Wms. 678. When the devisees are all volunteers, each stands on his own bottom. Suppose an eviction of the title of one of the devisees, there shall be no contribution; the present case stands precisely on the same ground.

*Per curiam.* We are of opinion, that all the lands levied on by the sheriff as the property of James M'Conaughy deceased, shall contribute, according to the value of the several tracts, to pay off and discharge the debt, interest and costs. We consider real property in Pennsylvania, as assets for payment of debts, and in case of the deficiency of personal property, to be applied to discharge such debts. It does not appear from the will of Janet M'Conaughy, that her intention was, that Mrs. Darlington should take the land devised to her, *cum onere.* It is however equally subjected to the payment of a proportion of the debts, with the other lands of James M'Conaughy, remaining undisposed of. Mrs. Darlington claims as a specific devisee; the residuary devisees cannot be considered in the same light. To charge the lands devised to them with a rateable part of the debts, would not disappoint the true intention or meaning of either of the wills; but to charge the tracts devised to Mrs. Darlington, singly with the payment of the mortgage, would evidently produce that effect, which is not to be admitted, if possible to be avoided. Wherefore the court awards a contribution of the whole of the lands remaining undisposed of.

Cited in 1 Rawle, 148. See note to Morris *v.* M'Conaughy, 1 Yeates, 9.